# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE CHARTER OAK FIRE INSURANCE COMPANY,<br><br>                    Plaintiff,<br><br>  -against-<br><br>NATIONWIDE MUTUAL INSURANCE COMPANY (formerly known as Harleysville Insurance Company),<br><br>                    Defendant. | Case No.<br><br>**COMPLAINT** |

Plaintiff The Charter Oak Fire Insurance Company ("Travelers"), by and through its undersigned counsel, Usery & Associates, as and for its Complaint for Declaratory Judgment against Defendant Nationwide Mutual Insurance Company (formerly known as Harleysville Insurance Company) ("Nationwide"), alleges upon information and belief as follows:

## NATURE OF ACTION

1. In this action, Travelers seeks a declaration that Nationwide is obligated to defend and indemnify Volmar Construction, Inc. ("Volmar") in connection with an underlying action asserting claims for damages sustained to the premises located at 3405 Kings Highway, Brooklyn, NY, 11234 (the "Premises") allegedly caused by a construction project at the adjacent lot at 3417 Kings Highway, Brooklyn, NY, 11234 (the "Project") in August 2014.

## Parties

2. At all times relevant hereto, Travelers was and is a Connecticut corporation duly licensed and authorized to write insurance and conduct business in the State of New York with a principal place of business in Hartford, Connecticut.

3. Upon information and belief, at all times relevant hereto, Nationwide was and is an Ohio corporation with a principal place of business in Columbus, Ohio.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000 exclusive of interests and costs, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred here.

6. An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Defendant Nationwide.

7. Plaintiff Travelers has no adequate remedy at law.

## The Insurance Policies

8. Travelers issued an insurance policy to Volmar providing commercial general liability coverage for the policy period November 1, 2013, through November 1, 2014, under policy no. DT1N-CO-829K0893-COF-13 (the "Travelers Policy").

9. Subject to certain terms, conditions, and exclusions, the Travelers Policy generally provides coverage for property damage that takes place during the policy period and is caused by an accident.

10. Defendant Nationwide issued an insurance policy to Bohemia Concrete Corp. ("Bohemia") providing commercial general liability coverage for the policy period November 1, 2013 to November 1, 2014, under policy no. GL76020H (the "Nationwide Policy").

11. Subject to certain terms, conditions, and exclusions, the Nationwide Policy generally provides coverage for property damage that takes place during the policy period and is caused by an accident.

12. The Nationwide Policy contains an ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – AUTOMATIC STATUS WHEN REQUIRED IN CONSTRUCTION AGREEMENT WITH YOU endorsement (form no. CG 20 33 07 04), which provides, in relevant part:

> **A. Section II – Who Is an Insured** is amended to include as an additional insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:
>
> **1**. Your acts or omissions; or
> **2**. The acts or omissions of those acting on your behalf
>    in the performance of your ongoing operations for the additional insured.
>
> A person's or organization's status as an additional insured under this endorsement ends when your operations for that additional insured are completed.

**Background Facts**

13. 3417 KH Partners LLC ("3417 KH") owns the location where the Project took place.

14. 3417 KH, as Owner, and Volmar, as Contractor, entered into an agreement dated April 28, 2014 (the "Agreement") in which Volmar agreed to perform work on the Project.

15. Volmar, as Contractor, and Bohemia, as Subcontractor, entered into a Subcontract dated May 12, 2014 (the "Subcontract") in which Bohemia agreed to perform work on the Project. Attached hereto as Exhibit "1."

16. Pursuant to the terms of the Subcontract, Bohemia agreed to procure general liability coverage for, among others, 3417 KH and Volmar on a primary and non-contributory basis.

17. J&D II Realty LLC. (the "Claimant") owns the Premises.

18. By a complaint filed on or about June 29, 2017, Claimant commenced an action styled *J&D II Realty LLC. v. 3417 KH Partners, LLC, et al.* in the Supreme Court of the State of New York, County of New York, Index No. 512600/2017 (the "Underlying Action"). The Claimant asserts causes of action seeking recovery for Claimant's injuries against, among others, Bohemia based on theories of negligence, violations of building codes, violations of New York City Construction Code title 28, chapter 33, section 3309.4.

19. Nationwide is providing a defense to Bohemia in the Underlying Action.

## Tenders to Nationwide

20. By letter dated August 15, 2014, Travelers tendered to Bohemia seeking defense, indemnification, reimbursement, additional insured status under the Nationwide Policy.

21. Travelers followed up to Nationwide by e-mail and letter correspondence seeking a response to the August 15, 2014 tender.

22. By way of email dated December 17, 2021, under a reservation of rights Nationwide agreed to provide a defense subject to a reservation of rights to Volmar in the Underlying Action.

23. Nationwide failed to provide Travelers with a reservation of rights letter.

24. By letter dated May 19, 2022, Nationwide denied Travelers' tender.

25. Travelers followed up with Nationwide multiple time regarding its May 19, 2022 letter, but Nationwide has maintained its denial of the tender.

**Travelers' Cause of Action for Declaratory Relief as Against Nationwide**

26. Travelers repeats and realleges the allegations contained in paragraphs 1-24 above as if set forth here in their entirety.

27. Volmar qualifies as additional insured under the Nationwide policy.

28. Volmar is entitled to a defense under the Nationwide Policy issued to Bohemia, as well as to indemnification thereunder for any verdict or judgment rendered against them in the Underlying Action.

29. Coverage provided to Volmar by the Nationwide Policy with respect to the Underlying Action is primary to that provided by the Travelers Policy.

30. Nationwide has refused to provide coverage to Volmar with respect to the Underlying Action.

31. Accordingly, Travelers seeks a declaration that Nationwide has an obligation to defend and indemnify Volmar as an additional insured; that the coverage provided by the Nationwide Policy to Volmar is primary, and that the obligations of Travelers to Volmar in the Underlying Action are excess to proper exhaustion and full payment of the Nationwide Policy.

32. In addition, Travelers seeks an award at law and in equity against Nationwide for recovery of all sums Travelers has incurred in the defense of Volmar in the

Underlying Action because the coverages provided by the Nationwide Policy are primary to any coverage provided by Travelers.

## Prayer for Declaratory Relief

Wherefore, Plaintiff Travelers prays that judgment be entered as follows:

1. Declaring that the Nationwide Policy was in full force and effect on the date of the allegations raised in the Underlying Action.

2. Declaring that all terms and conditions of the Nationwide Policy have been complied with and met.

3. Declaring that the allegations raised in the Underlying Action and Underlying Action fall within the coverage afforded by the Nationwide Policy.

4. Declaring that Defendant Nationwide owes a duty to defend Volmar in connection with the Underlying Action.

5. Declaring the Defendant Nationwide owes a duty to indemnify Volmar in connection with the Underlying Action.

6. Declaring that the coverage obligations to Volmar in connection with the Underlying Action are primary.

7. Declaring that the coverage obligations of Plaintiff Travelers under the Travelers Policy are excess and non-contributory to those of Defendant Nationwide with respect to the Underlying Action.

8. Declaring that an actual controversy exists between Plaintiff Travelers and Defendant Nationwide with respect to Nationwide's duty to defend and to indemnify Volmar in connection with the Underlying Action.

9. Granting an award in favor of Plaintiff Travelers against Defendant Nationwide for all sums Travelers has paid in defending the Underlying Action.

10. Granting an award in favor of Plaintiff Travelers for the costs of suit incurred herein.

11. Granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       March 29, 2024

                       USERY & ASSOCIATES

                       By: /s/ Tung Wong
                             Tung Wong
                             *Attorneys for Plaintiff The Charter Oak Fire Insurance Company*
                             Direct: 917.778.6469
                             Fax: 844.571.3789
                             Email: twong2@travelers.com

                             <u>Please address all correspondence sent by mail to:</u>
                             P.O. Box 2996
                             Hartford, CT 06104-2996

                             <u>Physical Address</u>:
                             485 Lexington Avenue, 6th Floor
                             New York NY 10017